CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

FEB 0 1 2007

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 5:06cr00024 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| RICKY LEE COON ) | By: Samuel G. Wilson |
| ) | United States District Judge |

After sentencing defendant, Ricky Lee Coon, in open court for the possession of an unregistered firearm, a destructive device in violation of 26 U.S.C. § 5861(d), the court withheld the entry of its judgment order, ordered a psychiatric evaluation, and invited counsel to move to withdraw Coon's guilty plea after consulting further with Coon. He has not done so, and the court on this date is constrained to enter its judgment of conviction in accordance with the imposition of sentence.

## I.

On August 21, 2006 following a comprehensive plea colloquy in which Coon acknowledged in open court that he was pleading guilty because he was in fact guilty, the court accepted Coon's plea, finding that it was a knowing and voluntary plea supported by an independent basis in fact. Before accepting Coon's plea, the court meticulously explained the maximum possible penalties provided by law for the offense, including imprisonment up to 10 years, and detailed the factors the United States Code required the court to consider in sentencing Coon, including the guideline range established for his offense. Coon acknowledged that he understood the maximum possible penalty provided by law for the offense and that he had talked with his attorney about how the sentencing commission guidelines might apply to his case.

Before accepting Coon's plea the court heard testimony from an ATF agent as to the factual basis supporting Coon's plea. The agent testified that he accompanied state officers in the execution of a state search warrant at Coon's home and there, among other things, he found two "suspected improvised explosive devices." Officers read Coon his Miranda rights, and he admitted that the devices were his and that he had in fact constructed the smaller of the two devices out of copper pipe. The larger device, according to the agent, could have been an unassembled component of a pipe bomb, but the smaller device, which was unregistered, had an explosive filler, and its construction "fit the definition of an explosive device under the statute." Following the agent's testimony, Coon acknowledged that he agreed with that testimony.

The pre-sentence report, to which there were no objections, gave Coon acceptance of responsibility, establishing a total offense level of 17, which, together with his criminal history category I, produced a guideline range of 24 to 30 months.

Coon testified at sentencing that the pipe bomb was essentially nothing more than a firecracker which he had stored and forgotten nearly 16 years before. The ATF agent offered testimony that essentially contradicted Coon's claim that he had made the device and forgotten about it years earlier. From the agent's description of the location and arrangement of the device in relation to other items in plain view within Coon's metal wardrobe, the court rejected Coon's account, as untrue. The court also credited the agent's testimony that the device was of a type "that could produce serious injury or death", although the court also concluded that Coon did not intend to hurt anyone with the device.

In light of Coon's deceptive testimony, the court struggled to find an appropriate ground to support a variance and, finding none, sentenced him at the bottom of the guideline range–24

2

months.[1] After the court imposed sentence Coon did not appear to have a rational understanding of what the court had done, (despite its seeming clarity). Nor did he seem to have actually comprehended that he could receive a guideline sentence. Out of this concern, the court withheld the entry of the judgment of conviction and ordered a psychiatric examination.

Following the receipt of a psychiatric report, the court concluded that Coon was fully competent, as the court had found when it accepted his plea. Nevertheless, the court invited counsel to move to withdraw Coon's guilty plea after consulting further with Coon, although the court noted that it might or might not permit him to withdraw it. Having received no motion, the Court today enters Coon's judgment of conviction.

## II.

The Court is not permitted to "modify a term of imprisonment once it has been imposed," except in narrowly proscribed circumstances which are not present here. See 18 U.S.C. §3582(c); United States v. Fraley, 988 F.2d 4 (4th Cir. 1993). Accordingly, the Court enters its judgment order on this date.[2]

**ENTER**: This February 1, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court would have imposed a variance if it could have discerned a basis for one.

[2] If the defendant announces his intention to appeal on the ground that his plea was involuntary, see Bousley v. U.S., 523 U.S. 614, 621 (1998) (noting that not only can voluntariness be raised on direct appeal, it must be if it is to be raised for collateral review), or other ground the court finds sufficient, he may request bond pending appeal pursuant to 18 U.S.C. § 3143(b).

3

Case 5:06-cr-00024-SGW  Document 33  Filed 02/01/07  Page 3 of 3  Pageid#: 52